The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SHAWN STONE,<br><br>Defendant. | NO. CR22-178 RAJ<br><br>GOVERNMENT'S SENTENCING MEMORANDUM |

## I.  INTRODUCTION

Shawn Stone abused two little girls and filmed it. He also collected and traded images and videos of children being subjected to unimaginable terror. While his youth may offer some insight into his lack of impulse control, it can neither excuse nor justify his choice to use innocent children to gratify his sexual appetite.

Stone's sexual attraction to children is not going anywhere, and if the Court follows the parties' recommendation, he will leave confinement sometime in his mid-thirties. Perhaps maturity will bring with it a greater ability to control the dark impulse that led him to commit these offenses; only time will tell. And only supervision for the rest of his life will provide a meaningful safeguard should the defendant's resolve waiver.

Accordingly, the government respectfully recommends this Court sentence Stone to 15 years of imprisonment followed by lifetime supervision.

GOVERNMENT'S SENTENCING MEMORANDUM - 1
*United States v. Stone*, CR22-178 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## II.      FACTUAL AND PROCEDURAL BACKGROUND

This investigation began in Summer 2022 when FBI identified Shawn Stone as the user of an online platform who shared child sexual abuse material (CSAM) and purported to be abusing a young girl.  FBI obtained warrants to search Stone's devices and encountered him at the airport as he returned from a family trip to Germany in August 2022.

Stone cooperated with investigators and, among other things, told law enforcement that he had sexually abused two young relatives during a 2019 trip to Germany and filmed the abuse.  He also acknowledged having an extensive collection of CSAM, including CSAM showing extreme violence committed against children.  Stone maintained, however, that he had no interest in this violent material, commonly referred to as hurtcore.  He explained he merely used this material so he could trade it to others to obtain the CSAM in which he had an interest.

Agents arrested Stone that same day, and a federal grand jury returned an indictment charging him with a violation of 18 U.S.C. § 2251(c).  Stone ultimately entered into a plea agreement with the government and pled guilty to one count each of producing and possessing CSAM in January 2024.

## III.      GUIDELINES RANGE

The government agrees with U.S. Probation's calculation of the advisory range in this case.  With a TOL 42 and CHC I, the advisory range is 360 months-life.

## IV.      SENTENCING RECOMMENDATION

The government believes a sentence of 15 years of imprisonment followed by lifetime supervision is an appropriate sentence given the factors in 18 U.S.C. § 3553(a).

It is difficult to overstate the seriousness of Stone's crimes.  He committed unspeakable violence against two young girls.  He knew it was wrong, but he did it

GOVERNMENT'S SENTENCING MEMORANDUM - 2
*United States v. Stone*, CR22-178 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

anyway. In an instant, Stone robbed those children of their innocence and left an emotional and psychological wound that will never fully heal.

That's not all. Stone also collected and traded CSAM with others, perpetuating the profound harm suffered by those whose very worst experiences were recorded to satisfy the sexual appetite of a community of predators. Indeed, Stone maintained a collection of the most reprehensible CSAM that exists—that is, imagery showing the torture and violent assault of children. Whether he was interested in this material or not—he claims he was not—the harm is the same.

Time and again, Stone has faced a choice between hurting a child and sating his sexual appetite. And time and again, he chose the latter. And that's the point, really. He surely would not have chosen to have a sexualized interest in children, nor is he facing years in prison because of it. To the contrary, Stone is where he is because his own sexual gratification was more important to him than the well-being of innocent children.

The simple fact is Stone's dangerous sexual proclivity will not magically vanish as he ages. Incapacitation through confinement and close supervision upon his release will certainly mitigate the threat he poses. But the only person empowered to ensure that the past is not merely a preview of the future is Stone himself.

This case is not without mitigation, of course. Stone's youth may well have contributed to his lack of impulse control. Stone also cooperated with law enforcement from the outset and has expressed remorse.

In the end, the government is satisfied that a 15-year prison sentence is sufficient punishment in this case. It believes that lifetime supervision is necessary, however. Should the Court follow the recommendation of the parties and U.S. Probation, Stone will be in his mid-30s by the time he is released. Whatever he may say, his ability to restrain his darker impulses will be put to the test for many years. Given the risk he

GOVERNMENT'S SENTENCING MEMORANDUM - 3
*United States v. Stone*, CR22-178 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

poses, something more than his own self-control should be present to prevent him from going down the same path.

## V. RESTITUTION

The government has received more than 20 restitution claims from victims of the CSAM series imagery that Stone possessed. These include claims submitted as recently as earlier this week. The claims and supporting documentation have been provided to defense counsel, and the parties will be requesting the Court set the matter for a restitution hearing. Defense counsel has indicated that the defendant will likely waive his presence at that hearing, but the parties are hopeful the matter can be resolved without a contested hearing.

DATED this 17th day of May, 2024.

Respectfully submitted,

TESSA M. GORMAN
United States Attorney

*s/ Matthew P. Hampton*
MATTHEW P. HAMPTON
Assistant United States Attorney
U.S. Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101
Phone: (206) 553-6677
Fax: (206) 553-2502
E-mail: matthew.hampton@usdoj.gov

GOVERNMENT'S SENTENCING MEMORANDUM - 4
*United States v. Stone*, CR22-178 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970